IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KARMEN FAILE,

    Plaintiff,

v.                                       CASE NO. 5:11-cv-41-RS-CJK

DILLARD'S INC., ESTEE LAUDER
TRAVEL RETAIL SERVICES, INC.,
THE ESTEE LAUDER COMPANIES, INC.,
And CLINIQUE SERVICES, LLC,

    Defendants.
_____/

## ORDER

Before me is Defendants' Joint Motion to Exclude Expert Testimony (Doc. 17). Dillard's, the remaining Defendant, seeks to exclude the testimony of medical expert witnesses identified by Plaintiff because she failed to make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C). Additionally, Plaintiff did not supplement an interrogatory asking her to identify medical expert witnesses and to state the substance of their facts and opinions.

Fed. R. Civ. P. 26(a)(2)(C) states:

*Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which the witness is expected to testify.

1

This subdivision of Rule 26 was added in 2010 "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(C) (2010 Amendments Committee Notes). "Frequent examples [of witnesses not required to submit a report under 26(a)(2)(B)] include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)." (*Id.*).

In Plaintiff's Amended Civil Rule 26(a)(2) Initial Disclosures she names five treating physicians and states they "may be an expert to the extent an opinion is rendered as to causation and damages." (Doc.17, Ex. B). In her response to this motion, Plaintiff said, "In identifying that these witnesses were her treating physicians, there is the obvious implication that these witnesses, to the extent that they render opinions on the disclosed subjects, would be doing so based on their care, treatment, and diagnosis of the Plaintiff." (Doc. 22).

However, the rule does not require implications; it requires disclosures—both of facts and opinions. Additionally, the Committee Notes to the 2010 Amendments of Rule 26(a)(2)(C) also state that "[c]ourts must take care against requiring undue detail…" In this case, Plaintiff did not produce *any* detail. I certainly do not require an expert report as required by Rule 26(a)(2)(B), but this

new subsection of Rule 26 clearly mandates written disclosures of facts and opinions.  Therefore, the disclosures are insufficient.  Additionally, Plaintiff did not supplement the interrogatories as provided by Fed. R. Civ. P. 26(e).

According to Fed. R. Civ. P. 37, "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." (emphasis added).  The lack of disclosures was not sufficiently justified.  The Committee Notes state that too much detail in the disclosures is not required since these types of witnesses may be less likely to cooperate with counsel; however, that was not the case here.  Additionally, Plaintiff offers no reasons why the deficiency was substantially justified.

That being said, the lack of disclosures and failure to update the interrogatories are harmless.  In this case, Defense counsel was able to fully depose the treating physicians about their facts and opinions, which Plaintiff uses to establish causation and damages.  Therefore, the motion is **DENIED.**

**ORDERED** on November 4, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**